**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 24-33112 |
| RQMJXL LLC, | § | |
| | § | |
| Debtor. | § | |
| | § | |
| | § | CHAPTER 11 |

### MEMORANDUM OPINION

This matter concerns a motion to reconsider an oral ruling vacating the Court's order authorizing employment of H. Gray Burks, IV of BurksBaker, PLLC as counsel for RQMJXL LLC. At a hearing held on September 13, 2024, the Court vacated the order authorizing employment of Burks because Burks was not disinterested as of the petition date pursuant to 11 U.S.C. § 327. RQMJXL moves to reconsider, arguing that any lack of disinterest has been cured post-petition.

RQMJXL's motion for reconsideration is denied. The Court vacates the order authorizing Burks as counsel to RQMJXL. Although Burks is not entitled to any fees during the period he was disqualified from employment under § 327, RQMJXL may submit a renewed application to employ Burks for the period following Burks' alleged cure of his lack of disinterestedness.

### BACKGROUND

On July 1, 2024, RQMJXL LLC filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. ECF No. 1. On July 22, 2024, RQMJXL filed its application to employ H. Gray Burks, IV of BurksBaker, PLLC as counsel for RQMJXL. ECF No. 24. The Court entered an order authorizing employment of Burks on August 29, 2024. ECF No. 62.

On September 1, 2024, the U.S. Trustee filed an objection to the Subchapter V designation of RQMJXL's bankruptcy case. ECF No. 60. The U.S. Trustee alleged that RQMJXL was affiliated with the jointly administered Debtors RKO Services, LLC, BGHTX 01 LLC, and Holiday In Cam, and therefore each Debtor exceeded the eligible debt limit for Subchapter V. ECF No. 60 at 1–2.

On September 13, 2024, the Court held a hearing on the objection to Subchapter V designation. At the hearing, the Court disqualified Burks from appearing on behalf of RQMJXL due to a lack of disinterestedness and a failure to properly disclose connections. The Court permitted RQMJXL to file a motion to reconsider the ruling.

On September 25, 2024, RQMJXL filed a motion to reconsider the Court's oral ruling disqualifying Burks from employment. ECF No. 85. The Court held a hearing on the motion on October 4, 2024. At the hearing, the Court found that Burks was not disinterested on the petition date but that he apparently cured his lack of disinterestedness post-petition by striking disqualifying provisions in his engagement agreement with RQMJXL. The Court took under advisement the question of whether a court may employ a disqualified professional following a cure of the professional's lack of disinterestedness.

## JURISDICTION

The District Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(a). Venue is proper in this District pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2). The dispute has been referred to the Bankruptcy Court under General Order 2012-6.

## LEGAL STANDARD

"Although the Federal Rules of Civil Procedure do not recognize a general motion for reconsideration, courts address such motions under Rules 54(b) for interlocutory orders, and under Rules 59 and 60 for final judgments." *Lexington Ins. Co. v. ACE Am. Ins. Co.*, 192 F. Supp. 3d 712, 714 (S.D. Tex. 2016). An order vacating an order authorizing employment is interlocutory because it has the same effect as an order denying an application to employ. *See Warren v. Bergeron*, 831 F.2d 101, 103 (5th Cir. 1987) (finding that an order vacating appointment of receiver is interlocutory because it has the same effect as an order refusing to appoint a receiver); *In re Bechuck*, 472 B.R. 371, 374 (Bankr. S.D. Tex. 2012) (finding that an order denying an application to employ is interlocutory). "Rule 54(b) states that 'any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and [liabilities].'" *Lexington Ins. Co.*, 192 F. Supp. 3d at 714 (quoting Fed. R. Civ. P 54(b)).

"The standard of review for reconsideration of interlocutory orders is 'as justice requires.'" *Id.* (quoting *Contango Operators, Inc. v. U.S.*, 965 F. Supp. 2d 791, 800 (S.D. Tex. 2013)). "The standard requires a determination of 'whether reconsideration is necessary under the relevant circumstances.' Underlying a motion for reconsideration is 'the caveat that, where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" *Id.* (quoting *Contango Operators, Inc.*, 965 F. Supp. 2d at 800). However, the standard "for a Rule 54(b) motion is 'typically held to be less exacting' than the standard for Rule 59(e) motions, and the Court has broad discretion to revise orders under Rule 54(b). . . . Under Rule 54(b), the trial court can reconsider and reverse its decision for any reason it deems sufficient." *Black v. Experian Info. Sols., Inc.*, No. CV H-21-04231, 2022 WL 1809307, at *2 (S.D. Tex. June 2, 2022).

## DISCUSSION

Section 327(a) of the Bankruptcy Code requires that any professional retained by a trustee or debtor-in-possession be "disinterested." 11 U.S.C. § 327(a); *In re Am. Int'l Refinery, Inc.*, 676 F.3d 455, 461 (5th Cir. 2012). Section 101(14) of the Bankruptcy Code defines a "disinterested person" as a person that

> (A) is not a creditor, an equity security holder, or an insider;
>
> (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
>
> (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14).

A finding of a lack of disinterestedness is a mandatory ground for disqualification and denial of an application to employ pursuant to § 327(a). *In re Jackson*, 484 B.R. 141, 155 (Bankr. S.D. Tex. 2012); *In re Albrecht*, 245 B.R. 666, 671 (B.A.P. 10th Cir.), *aff'd*, 233 F.3d 1258 (10th Cir. 2000); *In re EWC, Inc.*, 138 B.R. 276, 281 (Bankr. W.D. Okla. 1992).

RQMJXL asks the Court to exercise discretion since the absence of disinterestedness has now been cured, and because it was unintentional. The Court is unable to locate any authority (and RQMJXL provides none) that gives the Court discretion to disobey the Code's disinterestedness requirement.

Burks was not a disinterested person at the petition date. Burks' engagement agreement permitted BurksBaker to obtain a lien on property of RQMJXL's estate to secure payment of its fees, making the

firm both a creditor of RQMJXL and an entity with an interest materially adverse to the estate under § 101(14) of the Bankruptcy Code. ECF No. 85-1 at 4. Burks was disqualified from employment as attorney for RQMJXL under § 327(a) of the Bankruptcy Code. RQMJXL does not contest this finding.

RQMJXL argues in its motion for reconsideration that whatever lack of disinterestedness that may have existed has now been cured. RQMJXL asserts that BurksBaker currently holds no liens on RQMJXL's property and has stricken the applicable lien provisions from its engagement agreement. ECF No. 85 at 5–6. The Court found at the October 4 hearing that Burks' striking of the lien provisions from the engagement agreement cured the lack of disinterestedness and that Burks was disinterested at the time the cure was performed.

The Court rejects several arguments made by Burks that the firm was, in fact, disinterested from the beginning:

- The most troubling argument is that Burks signed his firm's engagement letter without reading it. He argues that since he did not know that the firm retained a lien, the Court should forgive the error. Of course, the fact that Burks did not read the letter that he signed with his clients is troubling in and of itself. More to the point, the letter was negotiated by Mr. Baker. There has been no evidence that Baker was unaware of this. Indeed, Burks stated that it was Baker's standard letter. This magnifies, and does not diminish, the Court's concerns. *See In re Michigan Gen. Corp.*, 78 B.R. 479, 482 (Bankr. N.D. Tex. 1987) ("Negligence does not excuse the failure to disclose a possible conflict of interest.").

- Burks then argues that the lien provisions are not enforceable because they were unperfected with a required UCC-1 filing. That argument is fraught with danger. The law firm took a lien. Its lack of enforceability places the

- firm in a direct conflict with RQMJXL. Presumably, the law firm reserved the lien for a purpose. Who would then give advice to the client that the lien was ineffective? Ordinarily, that advice would come from the law firm. How could the law firm give conflicted advice on that issue? Moreover, if the firm did not intend to obtain a benefit from its unperfected liens, why did they appear in the engagement letter at all?

- Burks also argues that there was no lien because there was no asset to which it attached. That is a huge problem, not a solution. The law firm had an incentive to give RQMJXL advice that would enhance the law firm's lien rights to the disadvantage of holders of unsecured claims. A lack of disinterest abounds.

The remaining question is whether, now that Burks has prospectively cured his lack of disinterestedness, the Court may reconsider the Court's ruling vacating its order authorizing Burks' employment as counsel for RQMJXL. The answer is no. A finding of a lack of disinterestedness under an application to employ mandates disqualification of the professional. This obligation is not changed by a cure of the non-disinterestedness following the denial. *See In re Jackson*, 484 B.R. at 155; *In re Albrecht*, 245 B.R. at 671; *In re EWC, Inc.*, 138 B.R. at 281.

Additionally, Federal Rule of Bankruptcy Procedure 2014(a) requires an application for employment "to set forth 'to the best of the applicant's knowledge' all known connections of the applicant with 'debtor, creditors, or any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.'" *In re W. Delta Oil Co., Inc.*, 432 F.3d 347, 355 (5th Cir. 2005) (quoting Fed. R. Bankr. P. 2014(a)). The failure to provide proper Rule 2014(a) disclosures is sufficient, standing alone, to deny or revoke an application to employ

and to disgorge all fees due a professional. *See id.*; *In re Frederickson*, No. 10-32455-H3-11, 2010 WL 2901930, at *3 (Bankr. S.D. Tex. July 22, 2010). RQMJXL's application to employ Burks failed to disclose BurksBaker's adverse interests to RQMJXL's estate. RQMJXL's failure to provide proper Rule 2014(a) disclosures is an independent ground for denial of its application to employ Burks.

Although a lack of disinterestedness requires disqualifying the professional from employment, there is some authority for the proposition that a lack of disinterestedness may be cured post-disqualification in order to permit employment of the professional. *See In re Michigan Gen. Corp.*, 78 B.R. at 484–85; *In re Roberts*, 46 B.R. 815, 848–50 (Bankr. D. Utah 1985). This is sensible because § 328(c) of the Bankruptcy Code provides courts with discretion to limit a retroactive denial of compensation to the period a professional was found to lack disinterestedness, rather than mandating the denial of all fees earned in the case. 11 U.S.C. § 328(c); *In re Howell*, 148 B.R. 269, 270 (Bankr. S.D. Tex. 1992); *In re EWC, Inc.*, 138 B.R. at 281–82.

The Court denies RQMJXL's motion for reconsideration and vacates the order authorizing the employment of Burks as RQMJXL's counsel. RQMJXL has not filed a corrected application with proper Rule 2014(a) disclosures (including an appropriate disclosure of the firm's connections) and a declaration indicating compliance with § 327(a). RQMJXL may file a renewed application to employ Burks as Debtor's counsel, retroactively to September 25, 2024 (the date on which three paragraphs were "hereby stricken from the engagement agreement"). ECF No. 85, ¶ 15; *see In re Rizk*, No. 13-32811-H3-11, 2013 WL 5550137, at *2 (Bankr. S.D. Tex. Oct. 8, 2013). Although Burks may be granted employment after a review of his corrected disclosures, he is not entitled to any fees during the period prior to his cure of his lack of disinterestedness.

## CONCLUSION

The Court will issue an order consistent with this Memorandum Opinion.

SIGNED 10/08/2024

_____
Marvin Isgur
United States Bankruptcy Judge